IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Gary, III, #231045, aka Eugene Gee Gary,<br><br>Petitioner,<br><br>-versus-<br><br>McKither Bodison, Warden,<br><br>Respondent. | C.A. No. 2:09-1445-MBS-RSC<br><br><br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on October 9, 2009.  28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Eugene Gary, III, is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections (SCDC) pursuant to orders of commitment from the Clerk of Court in the December 1997 Term of the Richland County Court of General Sessions for Possession of Knife during Commission of Violent Crime (1997-GS-40-27784), Murder (1997-GS-40-24141) and Armed Robbery (1997-GS-40-24142). (App. 1446-1451). At trial, Petitioner was represented by Douglas S. Strickler, Esquire, Public Defender for Richland County, I. S. Leevy Johnson, Esquire, and Tommy Evans, Esquire.  The State was

1

represented by Solicitor Warren B. Giese and Assistant Solicitors Knox McMahon, Esquire, and Kathryn "Luck" Campbell, of the Fifth Judicial Circuit.  The State filed Notice of Intent to seek the Death Penalty in this case.  On August 23 through September 3, 1999, Petitioner was tried by jury and convicted on all three indictments.  As a result of the sentencing phase of Petitioner's trial, Petitioner as sentenced to a period of confinement of his natural life on the murder conviction.  The Honorable Roger L. Couch, Circuit Court Judge, sentenced Petitioner to thirty (30) years confinement on the armed robbery conviction, and five (5) years confinement on the possession of a knife during the commission of a violent felony conviction.

A timely Notice of Appeal was filed on behalf of Petitioner on September 13, 1999.  On appeal, Petitioner was represented by Joseph L. Savitz, III, Deputy Chief Attorney with the South Carolina Office of Appellate Defense.  Petitioner's appeal was perfected with the filing of a Final Anders Brief of Appellant by Petitioner's counsel on February 26, 2002.  Petitioner also filed a pro se Brief of Appellant.  In the Anders Brief, Petitioner's counsel argued the judge erred by allowing into evidence a pair of shorts seized from Petitioner's residence which were shown to be stained with the victim's blood, because this evidence was the fruit of a warrantless arrest which violated the Fourth Amendment.

In his pro se Brief, Petitioner made the following arguments:

> 1. The trial court erred by refusing a directed verdict of acquittal on all charges of murder, armed robbery, and possession of a knife during the commission of a violent crime since the state failed to introduce any evidence placing appellant at the scene during the commission of the crime and the state failed to introduce any substantial evidence which reasonably tended to prove the guilt of appellant.
>
> 2. The trial judge clearly erred by not suppressing illegally seized evidence in clear violation of appellants [sic] 4th amendment and South Carolina Art. 1§10. which guarantees him the right to privacy.
>
> 3. The court erred in denying motion for mistrial and abused his discretion due to the fact that the states witness testimony was so prejudicial that it was impossible for appellant to receive a fair and impartial trial.
>
> 4. The court erred when it confused the jury on its reasonable doubt instruction to the extent that a reasonable juror in interpreting the charge as a whole allowed the finding of guilt to be based upon degree of proof below that which is required by the due process clause and the Fourteenth Amendment of the United States Constitution.
>
> 5. The trial judge erred in altering the reasonable doubt charge given the jury after defendant had given his closing argument in reliance upon the original charge.

On February 4, 2003, after review of the record pursuant to Anders v. California, 386 U.S. 738 (1967) and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), the Court of Appeals dismissed Petitioner's appeal and grant counsel's petition to be

relieved.

Petitioner filed a Petition for Rehearing. In an Order dated March 20, 2003, the South Carolina Court of Appeals denied the Petition for Rehearing.

On April 14, 2003, Petitioner filed his first Application for Post-Conviction Relief (APCR) (2003-CP-40-1921), alleging ineffective assistance of counsel, ineffective assistance of appellate counsel, and denial of due process. Specifically, Petitioner asserted:

> 1. Counsel was ineffective failing to request a Batson hearing due to the solicitor striking of black jurors at trial;
> 2. Counsel was ineffective in failing to object to the trial court's dismissal of a potential juror;
> 3. Counsel was ineffective in failing to object to hearsay testimony of Kendall Adams;
> 4. Counsel was ineffective in failing to articulate a valid Fourth Amendment claim regarding the search and seizure of applicant's room and the admission of 'bloody shorts' allegedly obtained during the search;
> 5. Counsel was ineffective in failing to object to the trial courts dismissal of venireperson(s);
> 6. Counsel was ineffective in failing to object and request jury instructions regarding the impeachment testimony of Khadijah Shabazz;
> 7. Counsel was ineffective in failing to object to the burden shifting malice instruction;
> 8. Counsel was ineffective in failing to request a jury instruction regarding 'actual presence' requiring the State to prove 'presence' beyond a reasonable doubt;
> 9. Counsel was ineffective in failing to object to the trial courts failure to instruct the jury upon receiving jurys' note requesting applicable law of 'accomplice liability;
> 10. Counsel was ineffective in failing to object to trial courts prejudicial reasonable doubt

4

>     instruction;
>     11. Counsel was ineffective in failing to object
>     to the trial court's refusal to allow counsel to
>     argue that Dock Miles was the actual
>     perpatrator[sic] of the alleged crimes (limiting
>     closing argument);
>     12. Appellate counsel was ineffective in failing
>     to raise trial court's error in failing to grant
>     directed verdict;
>     13. Appellate counsel was ineffective in failing
>     to raise issue regarding the trial court's error
>     in failing to grant mistrial due to the
>     prejudicial statements of (Ciciley Holmes);
>     14. Appellate counsel was ineffective in failing
>     to raise trial court's error in not suppressing
>     introduction of shorts into evidence; and
>     15. Appellate counsel was ineffective in failing
>     to raise issue regarding trial court's error in
>     failing to instruct applicable law regarding jury
>     note.

The State filed its Return on June 7, 2004.

An evidentiary hearing was held on November 17, 2005, before the Honorable Alison Renee Lee, Circuit Court Judge. Petitioner was present and was represented by Charlie J. Johnson, Jr., Esquire. Respondent was represented by Assistant Attorney General Arie D. Bax, Esquire. The hearing was transcribed on May 19, 2007, and a copy was submitted to Petitioner's PCR counsel by mail on May 23, 2007. The State submitted a proposed order denying the application to the PCR judge in 2007. Petitioner re-filed an Amended Memorandum in Support for Application for Post-Conviction Relief on April 24, 2008.

Some time thereafter, Petitioner's PCR counsel Johnson joined the First Circuit Solicitor's Office as an Assistant Solicitor. By letter dated May 30, 2008, new PCR counsel was

appointed by the PCR Court. A hearing regarding appointment of counsel for Petitioner for his PCR action was held before the Honorable L. Casey Manning, Circuit Court Judge on February 26, 2009. At that time, Petitioner's original PCR counsel, Charlie Johnson, Jr., informed the court that he was no longer with the First Circuit Solicitor's Office, and, with Petitioner's approval, he was allowed to continue to serve as PCR counsel. On September 11, 2009, counsel for the State resubmitted the proposed Order of Dismissal and a copy of the PCR transcript to the PCR Court. The PCR court has not yet issued an Order ruling upon this Application for Post-Conviction Relief.

On March 13, 2007, Petitioner filed his second Application for Post-Conviction Relief (2007-CP-40-1645), alleging ineffective assistance of counsel and denial of due process. Respondent filed its Return and Motion to Dismiss on June 20, 2007. Respondent also filed a proposed Conditional Order of Dismissal. This action is also still pending before the PCR Court.

The following documents have been made part of the record here:

    1. Record on Appeal, the Honorable M. Duane Shuler, Circuit Court Judge

    2. Sentencing Sheets

    3. Notice of Appeal

    4. Motion to Remand for Reconstruction Hearing

5. South Carolina Court of Appeals Order Denying Motion to Remand for Reconstruction Hearing

6. Final <u>Anders</u> Brief of Appellant

7. Pro se Brief of Appellant

8. Motion to Supplement <u>pro</u> <u>se</u> Brief of Appellant

9. Letter dated November 6, 2001 from South Carolina Attorney General's Office filed in lieu of formal Response to <u>Anders</u> Brief

10. South Carolina Court of Appeals Unpublished Opinion Filed February 4, 2003

11. South Carolina Court of Appeals Order Denying Petition for Rehearing

12. Remittitur

13. Application for Post-Conviction Relief, 2003-CP-40-1921

14. Return to Application for Post-Conviction Relief, 2003-CP-40-1921

15. Transcript of PCR Hearing, 2003-CP-40-1921

16. Exhibit 1 to PCR Hearing, 2003-CP-40-1 921

17. Exhibit 2 to PCR Hearing, 2003-CP-40-1 921

18. Amended Memorandum in Support of Application for Post-Conviction Relief

19. Proposed Order of Dismissal, 2003-CP-40-1 921

20. Application for Post-Conviction Relief, 2007-CP-40-1645

21. Return and Motion to Dismiss 2007-CP-40-1645

22. Proposed Conditional Order of Dismissal 2007-CP-40-1645

23. Materials submitted to PCR Court on September

11, 2009

24. Miscellaneous Letters

The respondent filed its summary judgment motion on October 9, 2009. On October 15, 2009, the petitioner was provided a copy of the respondent's summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner filed an opposition to the motion on December 16, 2009. Hence it appears consideration of the motion is appropriate.

**PETITIONER'S HABEAS CORPUS GROUNDS FOR RELIEF**

In his petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner made the following allegations:

> **Ground One:** Denial of Due Process (Inordinate Delay state proceedings)
>
> Supporting Facts: Petitioner's Post-Conviction evidentiary hearing was held before the Honorable Alison Renee Lee on November 17, 2005, and the Post-Conviction Application was never ruled upon. Petitioner's Post-Conviction hearing matters have been urgently pending for approximately forty-two (42) months in state court (Court of Common Pleas) without a ruling upon any of the presented issues.
>
> **Ground Two:** Counsel was Ineffective for Failing to Object To Ex-Parte Communication with Jury
>
> Supporting Facts: Court engaged in ex-parte communications with the jury that was prohibited and prejudicial to the Petitioner, (See Exhibit - A- "Transcript pages 2595-2596) outside his

presence.

**Ground Three:** Counsel was Ineffective for Failing to Properly Preserve Contents of Jury Note on Record For Appellate Review

Supporting Facts: During Petitioner's trial, the jury while deliberating presented a question in writing to the Trial judge inquiring about Petitioners guilt. Trial Counsel was ineffective for failing to properly preserve the contents of jury note on record for Appellate review. See Exhibit -A- "Transcript pages 2595-2596."

**Ground Four:** Counsel Was Ineffective For Failing To Object To The Non-Presence of The Petitioner During The Reading Of The Note

Supporting Facts: During the Petitioner's trial, the jury sent a question to the judge during deliberations, inquiring whether or not he was guilty in this instant case. Trial counsel's failure to object to the non-presence of the Petitioner during the reading of the note, and instructions given to the jury by the trial judge, Affected his substantial right to be present and was prejudicial. See Exhibit -A-"Transcript pages 2595-2596."

**Ground Five:** "Counsel Was Ineffective For Failing To Object To Shackling of Petitioner During Trial"

**Ground Six:** "Counsel Was Ineffective For Failing To Request A Jury Instruction Regarding 'Actual Presence' Requiring The State To Prove Presence Beyond A Reasonable Doubt"

**Ground Seven:** "Counsel Ineffective For Failing To Inform Petitioner Of His Right to Allocution (Address Jury)

**Ground Eight:** "Counsel Was Ineffective For Failing To Object To The Burden-Shifting Malice Instruction"

**Ground Nine:** Appellate Counsel Ineffective For Failing To Raise Trial Court's Prejudicial Altering of Reasonable Doubt Charge To The Jury"

9

**Ground Ten**: "Appellate Counsel Was Ineffective For Failing To raise Trial Court Error To Grant Directed Verdict"

**Ground Eleven**: "Appellate Counsel Ineffective For Failing To Raise Issue Regarding Trial Courts Error In Failing To Grant Mistrial Due To The Prejudicial Statements of Cicely Holmes"

**Ground Twelve**: "Appellate Counsel Ineffective For Failing To Raise A Meritorious Argument As To The Introduction Of Evidence Of the Knife In The Petitioner's Trial"

**Ground Thirteen**: "Petitioner's Sixth and Fourteenth Amendments of the U.S. Constitution Were Violated When The Trial Court Denied Him His Right To Present A Complete Defense "(Third-Party Guilt).

### THE HABEAS CORPUS EXHAUSTION REQUIREMENT

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2009. Relief under the AEDPA, Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375, 118 S.Ct. 1352 (1998), citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977); see also, 28 U.S.C. § 2254(b).

The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions and allows relief when a person "is in custody in violation of the

10

Constitution or laws or treaties of the United States."

The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is either an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>     (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>     (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728 (1999).

The court's exhaustion requirements under § 2254 are explained in Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.), cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997). In the

11

interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to exhaust all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. The burden of proving that a claim has been exhausted lies with the petitioner. The exhaustion requirement, though not jurisdictional, is strictly enforced. (Citations omitted).

Additionally, a claim has not been exhausted unless the substance of a petitioner's claim is "fairly presented" to the state courts. The <u>Matthews</u> court explained, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." <u>Matthews v. Evatt</u>, 105 F.3d at 911.

In South Carolina, when the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10-160. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Petitioner here had a direct appeal which was unsuccessful. Petitioner also brought two PCR actions which have not been ruled upon. Thus, he has not exhausted his state court remedies.

## DISCUSSION

A review of the record and relevant case law reveals that the instant petition should be denied.

Petitioner recognizes that he has not exhausted his state remedies but asserts that exhaustion should be excused due to the "State's excessive and inordinate delay in adjudicating and

13

rendering a final decision on the merits for post conviction relief."

Courts have held that "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." <u>Ward v. Freeman</u>, 46 F.3d 1129, (4th Cir. 1995)(holding that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective)(unpublished). Here, however, the delay that Petitioner complains of does not rise to the level of the delay in <u>Ward</u> and does not render Petitioner's state court remedies ineffective. Generally, a more lengthy delay than that of which Petitioner complains is required. See, e.g., <u>Lee v. Stickman</u>, 357 F.3d 338 (3d Cir. 2004 (eight-year delay of post conviction relief action); <u>Mathis v. Hood</u>, 851 F.2d 612 (2d Cir. 1988) (six-year delay in direct appeal); <u>Burkett v. Cunningham</u>, 826 F.2d 1208 (3d Cir. 1987) (five-and one-half-year delay). See generally <u>Patterson v. Leeke</u>, 556 F.2d 1168 (4th Cir. 1977).

Further, although the petitioner's application for PCR is still pending, the petitioner has not been prejudiced by the delay because the limitations period for filing a federal habeas corpus action is tolled by the pendency of the petitioner's PCR case. 28 U.S.C. § 2244(d)(2). However, as the petitioner has a pending state PCR case, this court should not keep this habeas petition on its docket while the petitioner is exhausting his

state court remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982) (holding a mixed petition should be dismissed without prejudice in order to effectuate the requirement of "total exhaustion.") Therefore, pursuant to Rose v. Lundy, it appears that this petition should be dismissed without prejudice.[1]

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the respondent's motion for summary judgment be granted and the petition be dismissed without prejudice.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February ___9___, 2010

---

[1] The court is mindful that in Rhines v. Weber, the United States Supreme Court held that, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528 (2005). Since the habeas statute of limitations has not yet run, and is presently being tolled during the pendency of state court collateral review, it does not appear that the petitioner runs the risk of forever losing his opportunity for any federal review of his claims if the district court dismisses the case without prejudice. Id. at 274-275.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).