IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Gary, #231045, ) | |
| ) | C/A No. 2:09-1445-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| McKither Bodison, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Eugene Gary ("Petitioner") is a prisoner at the Lieber Correctional Institution in the South Carolina Department of Corrections ("SCDC"). Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 3, 2009. Entry 1. This matter is before the court on Respondent's motion for summary judgment, filed on October 9, 2009. Entry 16. For the reasons set forth below, the court **grants** Respondent's motion for summary judgment.

## I. BACKGROUND

In 1997, Petitioner was indicted by a grand jury in Richland County for Possession of a Knife during the Commission of a Violent Crime (1997-GS-40-27784), Murder (1997-GS40-24141), and Armed Robbery (1997-GS-40-24142). Entry 17-6, 205-210. At trial, Petitioner was represented by Douglas Strickler, I.S. Leevy Johnson, and Tommy Evans. Entry 17-1. On September 3, 1999, a jury found Petitioner guilty on all three charges. Entry 17-6, 196-200. The Honorable Roger L. Couch, Circuit Judge, sentenced Petitioner to life in prison for the murder conviction, thirty (30) years in prison for the armed robbery conviction, and five (5) years in prison for the possession of a knife during the commission of a violent crime conviction. Entry 17-7.

Petitioner timely filed a Notice of Appeal on September 13, 1999. Entry 17-8. On appeal,

1

Petitioner was represented by Joseph L. Savitz, III ("Savitz"). Savitz filed an Anders brief and Petitioner filed a *pro se* Brief of Appellant. Entries 17-11, 17-12. On February 4, 2003, the South Carolina Court of Appeals dismissed Petitioner's direct appeal and granted Savitz's request to withdraw as Petitioner's counsel. Entry 17-15. On April 14, 2003, Petitioner made an application for post-conviction relief ("PCR") with the Court of Common Pleas for Richland County ("PCR court"). Entry 17-18. An evidentiary hearing ("PCR hearing") was held on November 17, 2005 before the Honorable Alison Renee Lee, Circuit Judge. Entry 17-20. At the PCR hearing, Petitioner was present and was represented by Charlie L. Johnson, Jr ("Johnson"). At some time after the hearing, Petitioner filed an amended memorandum in support of his PCR application. Entry 17-23. The hearing was transcribed on May 19, 2007. Entry 17-20. That same year, the State filed a proposed order of dismissal and Petitioner filed an amended PCR application. Entries 17-24, 17-25.

In response to Petitioner's amended PCR application, the State filed a return, motion to dismiss, and proposed conditional order of dismissal in June 2007. Some time thereafter, Johnson joined the First Circuit Solicitor's Office. Entry 17-28, 3. On February 26, 2009, a hearing was held before the Honorable L. Casey Manning regarding a motion to appoint new counsel for Petitioner. Id. At the hearing, the motion was denied as moot because Johnson advised the court that he resigned as a solicitor and wanted to continue representing Petitioner. Id. On May 12, 2009, Johnson and counsel for the State attempted to have Petitioner transported to the PCR court for a status inquiry the following day, but SCDC was unable to transport Petitioner on short notice. Id. On September 11, 2009, counsel for the State re-filed the proposed order of dismissal along with a copy of the PCR hearing transcript with the PCR court. Id. Petitioner's PCR application is pending before the PCR court.

Petitioner's § 2254 petition was filed with this court on June 3, 2009. The petition sets forth the following grounds for relief and supporting facts:

> **Ground One**: Denial of Due Process (Inordinate Delay state proceedings)
> **Supporting Facts**: Petitioner's Post-Conviction evidentiary hearing was held before the Honorable Alison Renee Lee on November 17, 2005, and the Post-Conviction Application was never ruled upon. Petitioner's Post-Conviction hearing matters have been urgently pending for approximately forty-two (42) months in state court (Court of Common Pleas) without a ruling upon any of the presented issues.
>
> **Ground Two**: Counsel was Ineffective for Failing to Object To Ex-Parte Communication with Jury
> **Supporting Facts**: Court engaged in ex-parte communications with the jury that was prohibited and prejudicial to the Petitioner, (See Exhibit -A- "Transcript pages 2595-2596) outside his presence.
>
> **Ground Three**: Counsel was Ineffective for Failing to Properly Preserve Contents of Jury Note on Record For Appellate Review
> **Supporting Facts**: During Petitioner's trial, the jury while deliberating presented a question in writing to the Trial judge inquiring about Petitioners guilt. TrialCounsel was ineffective for failing to properly preserve the contents of jury note on record for Appellate review. See Exhibit -A- "Transcript pages 2595-2596."
>
> **Ground Four**: Counsel Was Ineffective For Failing To Object To The Non-Presence of The Petitioner During The Reading Of The Note
> **Supporting Facts**: During the Petitioner's trial, the jury sent a question to the judge during deliberations, inquiring whether or not he was guilty in this instant case. Trial counsel's failure to object to the non-presence of the Petitioner during the reading of the note, and instructions given to the jury by the trial judge, Affected his substantial right to be present and was prejudicial. See Exhibit -A- "Transcript pages 2595-2596."
>
> **Ground Five**: "Counsel Was Ineffective For Failing To Object To Shackling of Petitioner During Trial"
>
> **Ground Six**: "Counsel Was Ineffective For Failing To Request A Jury Instruction Regarding 'Actual Presence' Requiring The State To Prove Presence Beyond A Reasonable Doubt"
>
> **Ground Seven**: "Counsel Ineffective For Failing To Inform Petitioner Of His

Right to Allocution (Address Jury)

**Ground Eight**: "Counsel Was Ineffective For Failing To Object To The Burden-Shifting Malice Instruction"

**Ground Nine**: Appellate Counsel Ineffective For Failing To Raise Trial Court's Prejudicial Altering of Reasonable Doubt Charge To The Jury"

**Ground Ten**: "Appellate Counsel Was Ineffective For Failing To raise Trial Court Error To Grant Directed Verdict"

**Ground Eleven**: "Appellate Counsel Ineffective For Failing To Raise Issue Regarding Trial Courts Error In Failing To Grant Mistrial Due To The Prejudicial Statements of Cicely Holmes"

**Ground Twelve**: "Appellate Counsel Ineffective For Failing To Raise A Meritorious Argument As To The Introduction Of Evidence Of the Knife In The Petitioner's Trial"

**Ground Thirteen**: "Petitioner's Sixth and Fourteenth Amendments of the U.S. Constitution Were Violated When The Trial Court Denied Him His Right To Present A Complete Defense "(Third-Party Guilt).

Entry 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. Respondent filed a motion for summary judgment on October 9, 2009. Entry 16. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued by the Magistrate Judge on October 15, 2009, advising Plaintiff of the need to file an adequate response to the motion to dismiss within thirty-four (34) days. Entry 18. Petitioner filed a response in opposition to the motion for summary judgment on December 16, 2009. Entry 23. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On February 9, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Respondent's motion for summary judgment be granted and Petitioner's § 2254 petition be dismissed for failure to exhaust state remedies. Entry 24. Petitioner filed an objection

to the Report and Recommendation on March 23, 2010. Entry 30.

## II. DISCUSSION

Respondent contends that its motion for summary judgment should be granted because (1) Petitioner has failed to exhaust his state remedies; and (2) any delay in the state court proceedings has not rendered the state court process ineffective. Petitioner concedes that he has not exhausted his state remedies but argues that his failure to do so should be excused due to the State's inordinate delay in ruling on the merits of his PCR application. The court must determine whether a delay in the state court in adjudicating Petitioner's PCR application warrants excusing Petitioner from satisfying the exhaustion requirement under § 2254(b)(1).

Generally, before a defendant may file a § 2254 petition in a federal district court, the defendant must first exhaust all state court remedies. See 28 U.S.C. § 2254(b)(1)(A); also see Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir. 1997). However, the exhaustion requirement under § 2254(b)(1)(A) may be waived if the defendant can show that "there is an absence of available State corrective process or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1)(B). In interpreting § 2254(b)(1)(B), the fourth circuit has held that "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." Ward v. Freeman, 46 F.3d 1129 (4th Cir. 1995). Federal intervention on the merits of a state PCR application is generally warranted only in cases where a delay in state court proceedings amounts to a denial of a petitioner's due process rights. See Allen v. Leeke, 328 F. Supp. 292, 294 (D.S.C. 1971) (citing Barry v. Sigler, 373 F.2d 835, 838 n. 4 (8th Cir. 1967)).

After a careful review of the record, the court concludes that the state court process has not been rendered ineffective by inordinate delay or inaction in the state proceedings such that it can be

5

said that Defendant's due process rights were violated. There has been progressive activity in Petitioner's case since his PCR application was filed in 2003. The PCR hearing was held in 2005 and transcribed in 2007. Just this past year, a hearing was held regarding appointment of new counsel and counsel for the State re-filed its proposed order of dismissal and a copy of the PCR hearing transcript. In his objection, Petitioner argues that "the state has been afforded full opportunity to review his conviction and has caused the delay." Entry 30, 9. The court disagrees. Any delay in the state court proceedings cannot solely be attributable to the State because Petitioner amended his PCR application twice after the PCR hearing; thus, any delay in the state court is at least partially attributable to Petitioner. Because the court concludes that there has been no inordinate delay or inaction in the state proceedings, the court declines to waive the exhaustion requirement under § 2254(b)(1). Since Petitioner has failed to exhaust his state court remedies, the court concludes that his § 2254 petition should be dismissed without prejudice.

### III. CONCLUSION

Respondent's motion for summary judgment is hereby **granted.** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is hereby **dismissed** *without prejudice*. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED.**

s/Margaret B. Seymour
United States District Judge

May 28, 2010
Columbia, South Carolina